(No. 872—Claimant awarded $825.28.)

FIRST TRUST & SAVINGS BANK OF PEORIA AS TRUSTEE OF THE ESTATE
OF ALEXANDER S. PAYSON, Deceased, Claimant, *vs.* STATE OF
ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

INHERITANCE TAX—*when claimant entitled to refund.*   *Sec. 25.*   There
being no dispute as to the facts in this case, and no objection by the State,
the court enters an award to claimant for the difference between the amount
of the tax paid by legatees, under Sec. 25, Inheritance Tax Law, and the
tax assessed against them under the supplemental order entered by the
county court.

IRWIN & JACK, for claimant.

OSCAR E. CARLSTROM, Attorney General; S. S. DuHAMEL,
Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The claimant, First Trust and Savings Bank of Peoria, as
trustee of the estate of Alexander S. Payson, deceased, filed
this claim, seeking a refund on account a finding on a re-
assessment of the inheritance tax under Sec. 25 of the In-
heritance Tax Laws of the State of Illinois. It appears from
the evidence that Alexander S. Payson, late a resident of
Peoria county, State of Illinois, departed this life about No-
vember 7, 1914, testate, and on the 16th day of February, 1915,
the will of deceased was duly admitted to probate. The will
is quite lengthy and duly certified copies of same, and all
orders, appraisements, etc., are filed in evidence herein.

The court deems it unnecessary to set out in its opinion in
detail the provisions of the will, but to simply show the finding
and order of the county court on petition for re-assessment
and refund of inheritance taxes.

It happens that the tax upon the bequests of Benjamin
Sewel Blake and Agnes Blake Fitzgerald was upon bequests
which were conditional in their nature, and which would
lapse and become a part of the residuary estate of said de-
ceased on certain contingencies.

The total amount of inheritance taxes so assessed against
the interests of these two legatees was $1213.43.

A supplemental order was subsequently made in which the
county court found that the amount of such taxes against
the said last named legatees should only be $388.15, thus

leaving the sum of $825.28 refund to which claimant in its official capacity with interest thereon at 3% per annum from April 16, 1915, was entitled.

The Attorney General consents to an award to claimant in the sum claimed. The court accordingly awards claimant the sum of $825.28.